1  STEPHEN S. KENT, ESQ.
   Nevada Bar No. 1251
2  KENT LAW
   201 W. Liberty St., Ste. 320
3  Reno, Nevada 89501
   skent@skentlaw.com
4  Telephone: 775/324-9800
   Facsimile: 775/324-9803
5  ATTORNEY FOR PLAINTIFFS

6
                    UNITED STATES DISTRICT COURT
7
                         DISTRICT OF NEVADA
8

9  AMLIN CORPORATE MEMBER LTD.,
   CHAUCER CORPORATE CAPITAL (NO3) LTD.,
10 CATLIN SYNDICATE LTD., KILN              Case No.: 3:12-cv-00360-LRH-VPC
   UNDERWRITING LTD., ALTERRA AT
11 LLOYD'S, LTD., GLOBAL AEROSPACE
   UNDERWRITING MANAGERS LTD. and
12 STARNET INSURANCE CO.                    **REVISED STIPULATION FOR
                                            CONFIDENTIALITY AND
13              Plaintiffs,                 PROTECTIVE ORDER**

14 v.

   DIRK J. LEEWARD AND KENT A. LEEWARD,
15 Co-Personal Representatives of THE ESTATE OF
   JAMES K. LEEWARD, Deceased.
16
                Defendants.
17 _____/

18 AND RELATED MATTERS.
   _____/
19
        The parties agree that certain information to be disclosed or produced in this litigation will
20
   contain confidential and proprietary information relating to their business operations, payments
21
   made to others, personal information relating to third parties, and/or trade secrets ("Confidential
22
   Information"). The parties agree further that documents or information containing Confidential
23
   Information bearing on the parties' claims or defenses is likely to be disclosed or produced during
24
   the course of discovery in this litigation, that inadvertent or intentional public disclosure and
25
   dissemination of such information could cause irreparable harm to the disclosing party and others,
26
   and that in order to protect the respective interests of the parties and to facilitate the progress of
27
   disclosure and discovery, a confidentiality order should be entered in the above-captioned matter.
28

KENT LAW
201 W. Liberty St., Ste. 320
Reno, Nevada 89501
Tel: 775-324-9800

As the parties mutually desire to maintain the confidentiality of this information, and having agreed to the terms set forth below to facilitate document disclosure and production under the Federal Rules of Civil Procedure, the parties, through their undersigned counsel, hereby stipulate and agree to the Court's entry of a protective order as follows:

1. Documents, discovery responses, or other information containing Confidential Information disclosed or produced by any party in the above-captioned litigation are referred to below as "Protected Documents." Except as otherwise indicated below, all written materials, electronic documents, data, video or other discoverable information produced or disclosed by the parties in this litigation (including, but not limited to, documents, answers to interrogatories, responses to requests for production of documents, responses to requests for admissions, and deposition testimony) which the disclosing party believes to contain private, confidential, commercial and/or proprietary information, or other confidential material, are Protected Documents and may be designated as "confidential" by marking each page of the document "CONFIDENTIAL subject to PROTECTIVE ORDER" or by informing the attorneys for the parties by letter that the documents are "Confidential," and shall be revealed and disclosed only as provided herein.

2. Inadvertent or unintentional production of Protected Documents containing Confidential Information, attorney-client communications, attorney work product, or other legally privileged information (including information contained within such materials) shall not constitute a waiver of privilege or confidentiality. Any such document and any copies made of it shall be returned to the producing party immediately upon request.

3. At any time after the delivery of Protected Documents, if any party believes that any material produced marked or designated as described above does not contain private, confidential, commercial or proprietary information or other confidential material either in whole or in part, it may challenge in good faith the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents and specifically identifying the materials contested. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the

confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have twenty-five (25) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment under applicable law. Notwithstanding any challenge to the contrary, all Protected Documents shall be treated as confidential and shall be subject to the provisions and terms herein until and unless one of the following occurs: (a) the parties formally agree in writing to the contrary; (b) a party fails to timely move for a protective order within the time period stated above, or (c) a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for herein.

5.  Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons") and to no other:

(a) The Court, court personnel, and the parties in the above-captioned matter;

(b) Counsel of record in the above-captioned action (including legal support staff) for the party or party receiving Protected Documents or any information contained therein;

(c) Retained experts (including testifying and non-testifying experts, consultants, and investigators) assigned to and necessary to assist such counsel in the evaluation, preparation, testimony, and trial in the above-captioned action;

(d) Stenographic reporters and transcribers engaged in any Court or judicial proceedings as are necessarily incidental to the preparation or trial of this litigation;

(e) Any mediator assigned to or agreed to by the parties for this action; and

(f) Such other persons as the parties shall agree to in writing or the Court shall subsequently determine.

1    However, any Protected Documents or Confidential Information provided to the Court or
2    court personnel must be filed under seal as provided below.
3         6.    Prior to disclosure of any Confidential Information to any person identified in
4    paragraphs 5(c) through 5(f) above, such person shall be furnished a copy of this stipulation and
5    the Court's order relating thereto, shall be informed that the information is Confidential, and shall
6    agree to comply with the provisions of the Court's confidentiality or protective order and to be
7    subject to the jurisdiction of this Court for all hearings relevant to the Court's protective order. Any
8    such Qualified Person shall sign an "Acknowledgement of Compliance with Protective Order" (see
9    Exhibit "A"), acknowledging that such person has read and understands the Court's order and the
10   terms contained in this stipulation, and will abide by the terms and conditions therein. Such
11   Acknowledgement shall be kept and maintained by the disclosing counsel.
12        7.    The parties agree to abide by the Court's established rules and procedures for filing
13   Protected Documents, materials reproducing or paraphrasing information contained therein, and
14   other Confidential Information under seal during this litigation. Unless otherwise permitted by
15   statute, rule, or prior court order, Protected Documents or other confidential information filed with
16   the Court, including materials reproducing or paraphrasing information contained therein, shall be
17   accompanied by a contemporaneous motion for leave to file said materials under seal, and filed
18   consistent with the Court's electronic filing procedures in accordance with Local Rule 10-5(b). The
19   party seeking to file Protected Documents or other confidential information under seal bears the
20   burden of overcoming the presumption in favor of public access to papers filed in court as provided
21   by applicable Ninth Circuit case law including *Kamakana v. City and County of Honolulu*, 447
22   F.3d 1172, 1178-1182 (9th Cir. 2006).
23        8.    Nothing shall prevent a party from using information or documents produced by any
24   party pursuant to the terms provided herein during mediation, deposition, trial, or any other
25   proceeding in the above-captioned litigation.
26        9.    The term "copy" as used herein means any photographic, mechanical, electronic,
27   or computerized copy or reproduction of any document or thing, or any verbatim transcript, in
28   whole or in part, of such document or thing.

KENT LAW
201 W. Liberty St., Ste. 320
Reno, Nevada 89501
Tel: 775-324-4800

10. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions and terms stated herein, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

11. Any court reporter or transcriber who reports or transcribes testimony in this action must agree that all "CONFIDENTIAL" information designated as such pursuant to the terms herein shall remain "CONFIDENTIAL" and shall not be disclosed by such reporter or transcriber, except pursuant to the terms stated herein, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to all counsel of record.

12. Any party may designate any portion(s) of the deposition as "Confidential" based upon a good faith determination that any portion so designated constitutes Protected Documents or confidential testimony either by doing so on the record during the deposition, or after the deposition and within thirty (30) days of the receipt of the transcript, as follows:

(a) The parties may unanimously stipulate on the record during any deposition that the entire deposition and/or all exhibits are to be treated as confidential;

(b) The entire deposition, or any portions thereof, may be designated as confidential along with any exhibits that were not previously designated or marked as confidential by any party, but within thirty (30) days of the receipt of the transcript of the deposition, the party claiming confidential status must serve on opposing counsel a line and page designation of those portions of the deposition deemed to be confidential, or a notice that the entirety of the deposition is to be treated as confidential, along with a listing of any exhibits to be treated as confidential that were not previously designated prior to the deposition as such, unless this was done during the deposition;

(c) Failure to designate materials as confidential during a deposition or failure to serve on opposing counsel a "Notice of Designated Material" as described in part (b) above within thirty (30) days of receipt of the deposition transcript shall constitute a waiver of "confidential" designation which can only be reinstated by subsequent agreement by all parties, or by subsequent application to and order by the Court.

(d)  During the period of time between the taking of the deposition and the thirty (30) days after receipt of the transcript, the deposition and exhibits in their entirety shall be deemed confidential unless designated or indicated otherwise during the deposition;

(e)  Any exhibits which have been designated or marked confidential prior to the deposition shall retain their confidential status as provided herein; and

(f)  The parties retain their rights to challenge the designation of testimony and exhibits as "confidential" as provided herein.

13.  In the event that any person or party (a) is served with a request for production of documents or interrogatories in this action ("discovery requests"), (b) is served with a subpoena in another action, (c) is served with a demand or discovery request in another action to which he or she is a party, or (d) is served with any other legal process by one not a party to this litigation and seeking proprietary or confidential information produced in this action, that person or party shall give prompt written notice of such event to counsel of record for the designating party and shall object to its production. Upon receipt of written notice, the designating party shall advise the person who is to respond to the discovery requests, subpoena or demand of the designating party's position with respect to production or disclosure (i.e., whether or not the designating party objects to the production of the confidential information at issue). Thereafter, the designating party shall assume responsibility for preserving and prosecuting any objection to the discovery requests, subpoena, or demand. The person or party served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

14.  Should any person seeking access to the confidential or proprietary information as described in paragraph 13 above take action to enforce such discovery requests, subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of the terms herein and the Court's protective order, and shall object to the production of said confidential or proprietary information. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of proprietary or confidential information, or to subject the receiver to any penalties for noncompliance with any order, or to seek any relief from the Court.

///

KENT LAW
201 W. Liberty St., Ste. 320
Reno, Nevada 89501
Tel: 775-324-0600

15. Within sixty (60) days of the conclusion of this case (defined as the latest of the termination of any trial and any appeals in this action, or at the satisfaction of any judgment, or upon the conclusion of any settlement, if any), the party or parties receiving Protected Documents shall: (a) return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents, including all copies thereof, or in the alternative destroy all such materials; (b) deliver to the counsel for the disclosing or producing party an affidavit from any Qualified Persons in receipt of Protected Documents, certifying that all Protected Documents and all copies thereof have been returned to the counsel for the party who provided them with such materials or that all such materials have been destroyed, and that said Qualified Person has not retained any copies of any such materials; © provide a copy of all signed "Acknowledgment(s) of Compliance" (Exhibit A) to all parties, and (d) provide to counsel for the disclosing or producing party with an affidavit certifying that no protected or confidential materials have been provided to anyone other than to Qualified Persons described above, that all protected materials have either been returned to the disclosing or producing party's attorney's office or have been destroyed.

16. The terms herein and the Court's order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control, and shall not terminate at the conclusion of this litigation, and the Court will retain jurisdiction to enforce same.

17. Any third parties producing documents or other materials in connection with the above-captioned litigation, as well as the parties, are permitted to designate any materials produced by third parties in the above-captioned litigation as "confidential" consistent with the terms provided herein.

18. The terms set forth above may be modified by the Court, upon motion or application to the Court by any of the parties and a subsequent order granting such request, or upon the mutual consent of all the undersigned parties.

///
///

KENT LAW
201 W. Liberty St., Ste. 320
Reno, Nevada 89501
Tel: 775-324-0800

1  *Agreed to and Respectfully Submitted by the Undersigned Counsel on the 29th of October, 2012.*

2  DATED this 29th day of October, 2012.        DATED this 29th day of October, 2012.

3  KENT LAW                                     ROBERTSON, JOHNSON, MILLER &
                                                WILLIAMSON

5  BY: /s/ Stephen Kent                         BY: /s/ G. David Robertson
       STEPHEN S. KENT                              G. DAVID ROBERTSON, ESQ.
6      201 W. Liberty Street, Suite 320             KIRK C. JOHNSON, ESQ.
       Reno, Nevada 89501                           50 West Liberty Street., Ste. 600
7      ATTORNEYS FOR PLAINTIFFS                     Reno, Nevada 89501
                                                    ATTORNEYS FOR DEFENDANTS

## ORDER

The Court, having read and considered the parties' Stipulation for Confidentiality and Protective Order, the terms of which are set forth above, the Stipulation is approved and so ordered.

SIGNED and ENTERED this 30th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

# EXHIBIT "A"

## ACKNOWLEDGMENT OF COMPLIANCE WITH PROTECTIVE ORDER

I _____, declare as follows:

1.   I understand that the information and/or documents to be provided to me identified as "confidential" are subject to a Protective Order in a federal court action titled *Amlin Corporate Member, Ltd., et al. v. Dirk and Kent Leeward, Co-Personal Representatives of the Estate of James K. Leeward, Deceased.* (United States District Court, District of Nevada, Case No. 3:12-CV-00360-LRH-VPC) (hereinafter "this litigation") and constitute confidential information that is to be used only for the purpose of this litigation. I understand said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

2   I have read the Protective Order entered in this litigation and the parties' related stipulation and agree to be bound by their terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Protective Order. I further understand that I must return all copies of confidential information upon request at the conclusion of this matter.

3.   I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed at _____ this _____ day of _____, 2012.

_____

KENT LAW
201 W. Liberty St., Ste. 330
Reno, Nevada 89501
Tel: 775-324-8600

9