1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                 DISTRICT OF NEVADA

8                                        * * *
                                           )
9    AMLIN CORPORATE MEMBER LTD.;          )
     et al.,                               )
10                                         )          3:12-cv-0360-LRH-VPC
                     Plaintiffs,           )
11                                         )
      v.                                   )          ORDER
12                                         )
     DIRK J. LEEWARD; et al.,              )
13                                         )
                     Defendants.           )
14   _____)

15         Before the court is defendants Dirk J. Leeward and Kent A. Leeward's, as personal

16   representatives of the estate of James K. Leeward (collectively "Leeward Estate"), motion to

17   dismiss, or in the alternative, to transfer venue to the United States District Court for the Middle

18   District of Florida. Doc. #6.[1] Plaintiffs Amlin Corporate Member Ltd.; Chaucer Corporate Capital

19   (No3) Ltd.; Catlin Syndicate Ltd.; Kiln Underwriting Ltd.; Alterra at Lloyd's, Ltd.; Global

20   Aerospace Underwriting Managers Ltd.; and Starnet Insurance Co. (collectively "plaintiffs") filed

21   an opposition (Doc. #7) to which the Leeward Estate replied (Doc. #11).

22   **I.      Facts and Background**

23         This action arises from an airplane crash that occurred at the National Championship Air

24   Races ("NCAR") on September 16, 2011, in Reno, Nevada. Plaintiffs provided liability insurance

25

26
     _____
           [1] Refers to the court's docket number.

1    coverage for their insured, the Reno Air Racing Association ("RARA"), who held the NCAR event.

2    Decedent James K. Leeward ("Mr. Leeward") was piloting the aircraft when it crashed into

3    the box seating area, resulting in numerous fatalities and serious injuries to spectators. Prior to the

4    crash, Mr. Leeward allegedly signed a release of liability, agreeing to indemnify and hold RARA

5    and other parties, including plaintiffs, harmless from any and all claims and other losses that may

6    have resulted from his participation in the 2011 NCAR event.

7    After the crash, various parties filed several wrongful death and personal injury lawsuits

8    against RARA and the plaintiffs. In response, on June 29, 2012, plaintiffs filed the underlying

9    action for indemnification against the Leeward Estate. Doc. #1. Thereafter, the Leeward Estate filed

10   the present motion to dismiss, or in the alternative, to transfer venue to the United States District

11   Court for the Middle District of Florida. Doc. #6.

12   **II.      Discussion**

13         **A.  First-to-File Doctrine**

14   The Leeward Estate seeks to dismiss this action under the first-to-file doctrine on the basis

15   that on June 27, 2012, two days before plaintiffs filed the present lawsuit, the Leeward Estate filed

16   a similar action in Florida styled *Estate of James K. Leeward v. Berkley Aviation, LLC, et al.*, in the

17   Middle District of Florida. *See* Doc. #6.

18   The first-to-file doctrine is a rule of federal comity that permits a district court to decline

19   jurisdiction over an action when a complaint involving the same parties and issues has been filed in

20   another district court. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982).

21   The rule is discretionary and, in determining whether the rule should apply, the court should "yield

22   to the forum in which all interests are best served." *National Union Fire Ins. Co. of Pittsburgh, PA

23   v. Payless Shoesource, Inc.*, 2012 U.S. Dist. LEXIS 112346, *7 (N. D. Cal. 2012).

24   The court has reviewed the documents and pleadings on file in this matter and finds that the

25   first-to-file rule should not be applied in this matter because Nevada is the forum in which all

26   interests are better served. First, the court finds that the plaintiffs are the true plaintiffs in this

1  dispute and their choice of forum should be given deference. In the complaint, it is alleged that

2  plaintiffs have already paid various settlements to claimants relating to the crash. As a result of

3  those settlement payments, plaintiffs now have claims for indemnity and contribution arising from

4  the release agreement signed by Mr. Leeward. By contrast, the Leeward Estate has no actual claims

5  in its separately filed action. Rather, in the Florida litigation, the Leeward Estate seeks only a

6  declaration that it has no indemnification or contribution obligation to plaintiffs.

7          Second, the court finds that Nevada law is likely to apply in this action because Nevada is

8  where the release agreement was allegedly signed and where the crash took place. As this court is

9  located in Nevada, and deals with Nevada law regularly, the court finds it is a proper forum to

10  address the underlying legal issues raised in this action.

11          Finally, the court finds that there is no meaningful time difference between the two actions.

12  The Florida litigation was filed only two days before the present action and has not yet progressed

13  beyond the pleading stages. Taking all of these factors into account, the court finds that the first-to-

14  file rule should not be applied in this matter. Accordingly, the court shall deny the Leeward Estate's

15  motion to dismiss.

16          **B.  Transfer Venue**

17          In the alternative, the Leeward Estate seeks to transfer this action to the United States

18  District Court for the Middle District of Florida. *See* Doc. #6.

19          A district court may transfer any civil action to another district where the action may have

20  been brought in the interest of justice and for the convenience of the parties and witnesses. 28

21  U.S.C. § 1404(a). A court evaluating a motion to transfer venue weighs multiple factors including

22  the parties contacts with the chosen forum, the ease of access to sources of proof and witnesses, and

23  the difference in the cost of litigation between the two districts. *See Jones v. GNC Franchising,*

24  *Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

25          Here, the court finds that the balance of factors weighs in favor of keeping this action in

26  Nevada. First, a strong presumption exists in favor of a plaintiff's choice of forum. *See Piper*

3

1 | *Aircraft v. Reyno*, 454 U.S. 235, 256 (1981). Second, Nevada is the most convenient forum for the

2 | parties and witnesses in this action as the majority of witnesses to the airplane crash and the signing

3 | of the release agreement are located in Nevada. Third, Nevada is also the forum that provides the

4 | greatest ease of access to the physical evidence including the signed documents. Finally, there is a

5 | significant local interest in this action as the NCAR has been held in northern Nevada for almost 50

6 | years. Weighing all of these factors, the court finds that Nevada is the proper venue for this action.

7 | Accordingly, the court shall deny the Leeward Estate's request to transfer venue to the Middle

8 | District of Florida.

9

10 | IT IS THEREFORE ORDERED that defendants' motion to dismiss, or in the alternative, to

11 | transfer venue (Doc. #6) is DENIED.

12 |      IT IS SO ORDERED.

13 |      DATED this 27th day of November, 2012.

14

15 | _____

16 | LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26